UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARCHER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CCI PIXLEY, *et al.*,<br><br>　　　　　Defendants. | Case No. 2: 17-cv-04822-JVS (MAA)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING FIFTH AMENDED COMPLAINT WITH LEAVE TO AMEND** |

I.　**INTRODUCTION**

　　On June 30, 2017, Plaintiff John Archer ("Plaintiff"), an inmate at California State Prison – Los Angeles County ("CSP-LAC"), in Lancaster, California, proceeding *pro se*, filed a civil Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.) Plaintiff filed a First Amended Complaint on November 20, 2017 ("FAC," ECF No. 17), a Second Amended Complaint on December 18, 2017 ("SAC," ECF No. 22), and a Third Amended Complaint on July 2, 2018 ("TAC," ECF No. 42). This case was transferred to the calendar of Magistrate Judge Maria A. Audero on June 11, 2018. (ECF No. 39.) Plaintiff filed a Fourth Amended Complaint on November 6, 2018.

//

("4AC," ECF No. 48.) On March 22, 2019, the Court screened and dismissed the 4AC with leave to amend. ("Mar. 22, 2019 Order," ECF No. 49.)

Before the Court is Plaintiff's Fifth Amended Complaint, filed on May 1, 2019. ("5AC," ECF No. 52.) The Court screened the 5AC as prescribed by 28 U.S.C. § 1915A. For the reasons stated below, the 5AC is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff is **ORDERED** within thirty days after the date of this Order to either: (1) file a Sixth Amended Complaint, or (2) advise the Court that Plaintiff does not intend to file an amended complaint.

## II. ALLEGATIONS IN THE 5AC

The 5AC is filed solely against Defendant Correctional Counselor I Pixley ("Defendant"), a correctional officer/counselor at CSP-LAC. (5AC at 2.)[1] Plaintiff alleges that on November 25, 2014, December 17, 2014, and October 18, 2015, Defendant willfully conspired with prison inmates to commit fraud and theft by entering forged and false documents on an inmate trust withdrawal order form CDC-0193(1/88) to withdraw funds from Plaintiff's trust account—in increments of $150, $200, and $400—without Plaintiff's knowledge. (*Id.*) Plaintiff asserts that Defendant is in building 1, while Plaintiff is in building 2 D-yard of CSP-LAC. (*Id.*) Plaintiff contends that he has never interacted with Defendant, yet Defendant allowed others to impersonate Plaintiff without asking for their prison identification, in reckless disregard of CSP-LAC policy. (*Id.* at 3, 4.)

Plaintiff filed a 602 appeal regarding Defendant's approval of withdrawals from Plaintiff's trust account, which was granted at the first-level appeal. (*Id.* at 3.) Dissatisfied with the amount of relief offered, Plaintiff filed a second-level appeal, which was fully granted. (*Id.*) A third-level appeal is required for any amount over $200. (*Id.*) However, Plaintiff was not able to retrieve the complete second-level

---

[1] Citations to docketed documents reference the page numbers generated by CM/ECF.

2

appeal until after the deadline to file a third-level appeal had expired, and Plaintiff's third-level appeal was denied as untimely. (*Id.*)

Plaintiff asserts violations of his Fourteenth Amendment rights to due process and to be free from fraud and mistake. (*Id.* at 2.) Plaintiff also states that he has a right to be free from malicious prosecution and malicious abuse of process. (*Id.*) Plaintiff seeks declaratory relief, injunctive relief, $1,500 in compensatory damages, and punitive damages. (*Id.* at 4.)

### III. STANDARD OF REVIEW

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § Section 1915A). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8"), "which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *See Li v. Kerry*, 710 F.3d 995, 998 (9th

Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)). In reviewing a motion to dismiss, the court will accept the plaintiff's factual allegations as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). Although "detailed factual allegations" are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." *Park*, 851 F.3d at 918 (alteration in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001)). Rather, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *implausible*." *Id.*

Where a plaintiff is *pro se*, particularly in civil rights cases, courts should construe pleadings liberally and afford the plaintiff any benefit of the doubt. *Wilhelm*, 680 F.3d at 1121. "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). A court should grant a *pro se* plaintiff leave to amend a defective complaint "unless it is absolutely clear that the deficiencies of the

//

complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (quoting *Shucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

## IV. DISCUSSION

### A. The 5AC Does Not State a Claim Against Defendant Pixley in His Official Capacity for Money Damages.

The 5AC does not specify whether Defendant is sued in his individual and/or official capacities. (5AC at 1–2.) For completeness, the Court analyzes whether the 5AC states claims against Defendant in his official capacity, and concludes that it does not do so for money damages.

A suit against a defendant in his/her individual capacity "seek[s] to impose personal liability upon a government official for actions he takes under color of state law . . . . Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). The 5AC alleges that Defendant is employed at CSP-LAC, which is maintained and operated by Defendant CDCR, a state agency. (*See* 5AC at 2.) As such, any official capacity claims against Defendant properly are treated as claims against the State of California. *See Leer v. Murphy*, 844 F.2d 628, 631–32 (9th Cir. 1998) (explaining that a lawsuit against state prison officials in their official capacities was a lawsuit against the state).

California is not a "person" subject to Section 1983, and the Eleventh Amendment bars damages actions against state officials in their official capacity. *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007); *Nat. Res. Def. Council v. Cal. DOT*, 96 F.3d 420, 421 (9th Cir. 1996) ("State immunity extends to state agencies and to state officers, who act on behalf of the state and can therefore assert the state's sovereign immunity."). However, state officials sued in their official capacity are considered "persons" when they are sued for prospective declaratory or

5

injunctive relief under Section 1983; the Eleventh Amendment does not bar such claims. *Flint*, 488 F.3d at 825; *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999) ("*Ex Parte Young* provided a narrow exception to Eleventh Amendment immunity for certain suits seeking declaratory and injunctive relief against unconstitutional actions taken by state officers in their official capacities.")

In any amended complaint, Plaintiff explicitly must specify the capacity in which Defendant is sued. To the extent Defendant is sued in his official capacity, he only can be sued for prospective declaratory and injunctive relief, not damages. This previously was explained to Plaintiff in the Court's Order dismissing the 4AC. (Mar. 22, 2019 Order at 7–8.) Any amended complaint must correct this deficiency.

**B.     The 5AC Does Not State a Fourteenth Amendment Claim.**

Section 1983 provides a cause of action against "every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (alteration in original). The purpose of Section 1983 is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Id.* To state a claim under Section 1983, a plaintiff must allege: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff asserts violations of his Fourteenth Amendment rights to due process and "to be free from fraud and mistake" (5AC at 2), which the Court interprets as Fourteenth Amendment procedural due process claims.

//

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits the government from depriving "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. To plead a procedural due process violation, a plaintiff must allege two elements: (1) the plaintiff has a "liberty or property interest which has been interfered with by the State"; and (2) the procedures employed to deprive the plaintiff of liberty or property were constitutionally insufficient. *Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

### 1. Protected Interest.

The 5AC potentially asserts two protectable interests: (i) the funds in Plaintiff's prison trust account, and (ii) his administrative appeal. Of these, only the funds in Plaintiff's prison trust account constitute an interest protected by the Due Process Clause.

Prison Trust Account. Plaintiff alleges that Defendant Pixley approved fraudulent withdrawals from Plaintiff's trust account in increments of $150, $200, and $400. (5AC at 2.) "An individual's property is a fundamental example of a protected interest." *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015). "More specifically, '[t]here is no question that [an inmate's] interest in the funds in his prison account is a protected property interest.'" *Id.* (quoting *Quick v. Jones*, 754 F.2d 1521, 1522 (9th Cir. 1985)). Plaintiff's trust account funds are within the scope of the Fourteenth Amendment.

Appeal Process. Plaintiff alleges that the appeals office returned his second-level appeal late, thereby causing Plaintiff's third-level appeal to be denied as untimely. (5AC at 3.) However, inmates do not have a "separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that because the processing of appeals in a prison grievance system is not a liberty interest for purposes of the Fourteenth Amendment

Due Process clause, the actions of prison officials in reviewing a prisoner's internal appeal cannot create liability under Section 1983); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (Prisoners do not have a "legitimate claim of entitlement to a grievance procedure.").

### 2. Procedures.

Although the 5AC alleges a protected property interest (the money in Plaintiff's inmate trust account), Plaintiff's due process claim fails for two reasons.

First, the Fourteenth Amendment's Due Process clause is not violated by negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent act* of an official causing unintended loss of or injury to life, liberty, or property."). "[I]t is the deliberate, intentional abuse of governmental power for the purpose of depriving a person of life, liberty or property that the fourteenth amendment was designed to prevent." *Stevenson v. Koskey*, 877 F.2d 1435, 1440–41 (9th Cir. 1989). Here, the 5AC's conclusory allegations that Defendant "did willfully conspire with prison inmates to commit fraud and theft" (5AC at 2) are insufficient to state a due process claim. *See Samuel v. Michaud*, 980 F. Supp. 1381, 1398 (D. Id. 1996) ("Plaintiffs' conclusory allegations of malice and specific intent are insufficient to make a cognizable due process claim under § 1983.")

Second, even if the 5AC had sufficiently alleged that Defendant's actions amounted to more than negligence, neither the negligent nor intentional deprivation of an inmate's property gives rise to a claim under Section 1983 when adequate and meaningful post-deprivation remedies for the losses are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for any property deprivations caused by public officials. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (holding that inmate failed to state a claim under Section 1983 for deprivation of property because California

law provides an adequate post-deprivation remedy for property deprivations) (citing Cal. Gov't Code §§ 810–95, the Government Claims Act). Whether Plaintiff succeeds in redressing his or her alleged loss through the available state remedies is immaterial; it is the existence of the alternative remedies that bars him or her from pursuing a Section 1983 procedural due process claim. *Willoughby v. Luster*, 717 F. Supp. 1439, 1443 (D. Nev. 1989).

For these reasons, Plaintiff's Fourteenth Amendment Due Process claim fails. The Court previously advised Plaintiff of the shortcomings of his Fourteenth Amendment claim in its Order dismissing the 4AC. (Mar. 22, 2019 Order at 13–15.) **The Court will give Plaintiff one final opportunity to amend his Fourteenth Amendment claim before recommending that it be dismissed with prejudice.**

### C. The 5AC Does Not State a Section 1983 Conspiracy Claim.

A conspiracy claim involving Section 1983 requires allegations supporting "an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quoting *United Steelworkers of Am.*, 865 F.2d at 1541). This agreement or meeting of the minds may be inferred on the basis of circumstantial evidence, such as the actions of the defendants. *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999). A showing that defendants committed acts that "are unlikely to have been undertaken without an agreement" may support the inference of conspiracy. *Id.* (quoting *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir. 1991)). Conclusory allegations of conspiracy to violate Constitutional rights are insufficient to state a Section 1983

claim. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). In addition, a conspiracy to violate constitutional rights must be predicated on a viable underlying constitutional claim. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005). A conspiracy claim requires "an actual deprivation of constitutional rights." *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006).

The 5AC does not sufficiently state a conspiracy claim for two reasons. First, the 5AC does not allege specific facts of an agreement or meeting of the minds to violate Plaintiff's constitutional rights. Without any supporting facts, the 5AC simply alleges that Defendant "willfully conspire[d] with prison inmates to commit fraud and theft . . . ." (5AC at 2.) "To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns*, 883 F.2d at 821. Second, as explained *supra* § IV.B, the 5AC does not adequately state any deprivation of constitutional rights. *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126–27 (9th Cir. 1989) (explaining that Section 1983 applies only to conspiracy claims that result in a deprivation of constitutional rights).

The Court previously explained the requirements to state a conspiracy claim in the Order dismissing the 4AC. (Mar. 22, 2019 Order at 17–18.) **The Court will give Plaintiff one final opportunity to correct these shortcomings before recommending dismissal of the conspiracy claim with prejudice.**

D. **The 5AC Does Not State Tort Claims Under California Law.**

The 5AC states that Plaintiff has a right to be free from malicious prosecution and malicious abuse of process. (5AC at 2.) To the extent Plaintiff intended to assert these and other pendent claims under California law—*e.g.*, fraud, conversion, and/or negligence—the 5AC fails to allege compliance with the government presentation requirements under California law.

//

Before commencing a lawsuit against a California state or local public entity or its employee based on tort liability or for any claim for money or damages, the Government Claims Act requires a plaintiff to first present a written claim to the public entity. *See Gong v. City of Rosemead*, 226 Cal. App. 4th 363, 374 (2014); *see also City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007). Claims for personal injury and property damages must be presented within six months after accrual; all other claims must be presented within one year. *City of Stockton*, 42 Cal. 4th at 738. A plaintiff cannot file a lawsuit until the written claim has been acted upon, or deemed rejected, by the board of the public entity. *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004). "[S]ubmission of a claim to a public entity pursuant to [the Government Claims Act] 'is a condition precedent to a tort action and the failure to present the claim bars the action.'" *Id.* at 1240 (quoting *Phillips v. Desert Hosp. Dist.*, 49 Cal. 3d 699, 708 (1989)); *see also Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (holding that plaintiff's pendent state law tort claims against both the individual and public entity defendants are barred unless he presented them in compliance with Government Claims Act before filing suit). "A cause of action that is subject to the statutory claim procedure must allege either that the plaintiff complied with the claims presentation requirement, or that a recognized exception or excuse for noncompliance exists." *Gong*, 226 Cal. App. 4th at 374; *see also Bodde*, 32 Cal. 4th at 1243 ("[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action.").

The 5AC does not allege that Plaintiff presented any potential state claims in compliance with the Government Claims Act, or that he was excused from the claim presentation requirement. Thus, the 5AC does not sufficiently plead any state law claims. If Plaintiff intends to include any state law claims in any amended

11

complaint, he must state facts showing that he presented or was excused from presenting his claim in accordance with the Government Claims Act. The Court previously explained the requirements to allege state law tort claims in the Order dismissing the 4AC. (Mar. 22, 2019 Order at 18–19.) **The Court will give Plaintiff one final opportunity to address these shortcomings before recommending dismissal of Plaintiff's state law claims with prejudice.**

## V. CONCLUSION

For the reasons stated above, the Court **DISMISSES** the 5AC **WITH LEAVE TO AMEND**. Plaintiff is **ORDERED** within thirty days after the date of this Order to either: (1) file a Sixth Amended Complaint ("6AC"), or (2) advise the Court that Plaintiff does not intend to file a 6AC.

The 6AC must cure the pleading defects discussed above and shall be complete in itself without reference to the 5AC. *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must allege and plead any viable claims in the 6AC again. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the 5AC.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Rule 8, all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to

cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff also is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court explicitly cautions Plaintiff that failure to timely file a 6AC, or timely advise the Court that Plaintiff does not intend to file a 6AC, will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

<u>As the 6AC would be Plaintiff's sixth opportunity to state his claims, the Court explicitly cautions Plaintiff that failure to remedy the deficiencies discussed in this Order may result in a recommendation that the 6AC be dismissed with prejudice without leave to amend.</u> A prisoner civil rights complaint dismissed for failure to state a claim without leave to amend may count as a "strike" under 28 U.S.C. § 1915(g), which caps the number of civil rights lawsuits that prisoners may file.

If Plaintiff no longer wishes to pursue this action, he voluntarily may dismiss this action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A form Notice of Dismissal is attached for Plaintiff's convenience.**

Plaintiff is advised that this Court's determination herein that the allegations in the 5AC are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a

13

recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

IT IS SO ORDERED.

DATED: May 7, 2019

_____  
MARIA A. AUDERO  
UNITED STATES MAGISTRATE JUDGE